## Abstract of the Decision.

1. MASTER AND SERVANT, § 14*—*what constitutes hiring at will.* A contract which reads that defendants "desire your [plaintiff's] services as editor * * * beginning the second week in October, for which we agree to pay you $50.00 per week. It is also understood that if, by the first of January, you can handle to advantage the combined editorial work and the business management, we will pay you, beginning that date, three thousand dollars per year," constitutes a hiring at will, both as to the term of the employment and the amount of the compensation.

2. MASTER AND SERVANT, § 84*—*when evidence does not support verdict for plaintiff for services.* In an action to recover an amount claimed to be due under a contract of employment, evidence *held* insufficient to support a verdict for plaintiff.

---

Kive Siegel et al., trading.as K. Siegel & Sons, Appellees, v. Hyman Cohen, Appellant.

### Gen. No. 23,534.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 24, 1918.

## Statement of the Case.

Action by Kive Siegel, Joseph J. Siegel and Harry Siegel, copartners, trading as K. Siegel & Sons, plaintiffs, against Hyman Cohen, defendant, for goods sold and delivered. From a judgment for plaintiffs for $550, defendant appeals.

NICHOLAS J. PRITZKER, for appellant.

KELLY, HALE, DAMMANN & COOLIDGE, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1. PAYMENT, § 19*—*when debt of one in failing circumstances not discharged by partial payment.* The rule that the payment and acceptance of any amount less than the amount due the creditor, made by a debtor who is in failing circumstances, discharges the whole debt, does not apply where it not only does not appear that the creditor was in failing circumstances, but the evidence is such that a contrary presumption arises, and where it also appears that the creditor advised the debtor that the amount would not be accepted in full payment and the debtor agrees to pay the balance.

2. ACCORD AND SATISFACTION, § 4*—*when retention of check does not constitute.* Where a debtor sends his creditor a check for an amount less than that claimed, with the statement that it is sent in full payment, and the creditor retains the check without depositing or cashing it, and later advises the debtor that he cannot consider the remittance as a payment, there is no accord and satisfaction.

3. ACCORD AND SATISFACTION, § 4*—*when retention of check constitutes.* If there is a bona fide dispute between a creditor and his debtor as to the amount due and the debtor remits his check for less than the amount claimed, with the statement that it is sent in full payment of the account and the creditor deposits or cashes the check, there is an accord and satisfaction.

4. ACCORD AND SATISFACTION, § 3*—*when retention and cashing of check does not constitute.* If the amount of an indebtedness is not disputed and the debtor sends the creditor a check for less than the amount with the statement that it is sent in full payment and the creditor cashes the check and thereupon, or within a reasonable time, notifies the debtor that it is not received in full payment, there is no accord and satisfaction.

5. ACCORD AND SATISFACTION, § 3*—*what is not unreasonable retention of check so as to constitute.* The retention, by one residing in New York, of a check, received December 24th from a Chicago debtor, until January 5th, is not a retention for such an unreasonable time as to create an accord and satisfaction of the debt for which the check was given.

6. ACCORD AND SATISFACTION, § 8*—*who has burden of proving.* The burden of proving an accord and satisfaction is on the party pleading it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.